951 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Terry Joe BECRAFT, Plaintiff/Appellant,
v.
Dick BOWMAN, Teddy Kindle, Lois Weaver, et al., Defendants/Appellees.
 No. 89-2028.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 11, 1991.*
Decided Dec. 19, 1991.
Rehearing Denied Feb. 5, 1992.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Terry Joe Becraft filed a pro se complaint under 42 U.S.C. § 1983 against Sheriff Dick Bowman, Doctor Frederick Bigler, and nurses Lois Weaver and Teddy Kindle, alleging that they denied him adequate medical care in violation of his constitutional rights. The district court granted summary judgment in favor of defendants. We affirm.
 
 FACTS
 
 2
 Becraft was a pretrial detainee in the Elkhart County Jail from March 22, 1984 to June 7, 1984. Becraft sustained a back injury prior to his detention. Despite the fact that he advised the booking officers of his injury, Becraft alleges that they ordered him to carry a mattress, blanket, and other belongings to his cell and to sleep on the top bunk. Becraft maintains that those conditions aggravated his back injury. Becraft further alleges that defendants ignored his complaints and failed to provide him with adequate medical treatment.[1]
 
 
 3
 Dr. Bigler examined Becraft at least two times. He prescribed pain medication for Becraft on each occasion. Defendants Weaver and Kindle dispensed prescription and non-prescription medication to Becraft in accordance with Dr. Bigler's instructions. In addition, they dispensed non-prescription medication to Becraft upon request at least 70 times. However, Becraft alleges that they did not provide him with Tylenol every time he requested it. The medical staff permitted Becraft to use a neck and back brace until his chiropractor directed that those items be removed. Dr. Bigler permitted Becraft to be examined by his chiropractor after 63 days of confinement. Dr. Bigler denied Becraft's request to be treated by his neurologist.
 
 ANALYSIS
 
 4
 We review the district court's entry of summary judgment de novo, drawing all reasonable inferences in favor of the non-moving party. New Burnham Prairie Homes, Inc. v. Village of Burnham, 910 F.2d 1474, 1477 (7th Cir.1990). Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 1. Defendant Bowman
 
 5
 An individual cannot be held liable in a section 1983 action unless he caused or participated in the alleged constitutional deprivation. Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir.1986) (citations omitted). Becraft failed to rebut Bowman's sworn statement that he had no personal involvement with Becraft's medical care while Becraft was incarcerated in the Elkhart County Prison. Accordingly, there is no genuine issue of material fact as to Bowman's participation in the challenged conduct and summary judgment was properly entered in favor of Bowman. To the extent Becraft alleges that Bowman negligently failed to supervise defendants Bigler, Weaver, and Kindle, his allegations do not state a claim under section 1983. Id. at 274.
 
 
 6
 Assuming that Becraft has sued Bowman in his official capacity, Becraft has failed to allege the existence of an unconstitutional municipal policy or custom, Monell v. Department of Social Serv., 436 U.S. 658, 694 (1978), and an official capacity lawsuit may not be premised on a respondeat superior theory. Id. at 694.
 
 2. Defendants Bigler, Kindle, and Weaver
 
 7
 Becraft's claim arises under the Due Process Clause of the Fourteenth Amendment because he was a pretrial detainee when his cause of action arose. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). Any act or practice that has been found to violate the Eighth Amendment prohibition against cruel and unusual punishment also violates the due process rights of pretrial detainees. Id. at 545. Due process claims are evaluated under the same standards as Eighth Amendment claims. See Salazar v. City of Chicago, 940 F.2d 233, 240 (7th Cir.1991). To prevail on his due process claim, Becraft must demonstrate that defendants were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Salazar, 940 F.2d at 239. Defendants were deliberately indifferent to Becraft's serious medical needs if they "knew of a significant risk that [Becraft] would ... suffer grievously but were indifferent to that risk." Salazar, 940 F.2d at 238.
 
 
 8
 In support of his claim, Becraft alleges that defendants denied him the following medical treatment: (1) examination by his chiropractor; (2) examination by his neurologist; and (3) dispensation of the pain medication of his choice.
 
 
 9
 Dr. Bigler initially determined that chiropractic treatment was not in Becraft's best medical interest. He later permitted Becraft to see his chiropractor provided that Becraft agreed to assume responsibility for the outcome of the treatment. At most, Becraft alleges a difference of opinion as to the appropriate treatment for his back injury. That difference of opinion does not constitute deliberate indifference to Becraft's serious medical needs.
 
 
 10
 Becraft claims that Dr. Bigler denied him access to his neurologist, Dr. Shapiro. However, the undisputed evidence reveals that Dr. Shapiro refused to treat Becraft because Becraft had not paid his bills.
 
 
 11
 Dr. Bigler prescribed non-prescription medication for Becraft after his first examination and prescription pain medication after his second examination. Defendants Weaver and Kindle dispensed that medicine in accordance with Dr. Kindle's instructions. In addition, Weaver and Kindle gave Becraft non-prescription medication upon request at least 70 times. However, Becraft maintains that he did not receive Tylenol every time he requested it.
 
 
 12
 Becraft received a substantial amount of pain medication during his short stay of slightly over two months at the Elkhart County Jail. Although he may not have received the medication of his choice upon demand, the fact that pain medication was regularly administered to Becraft defeats his Eighth Amendment claim. See Wells v. Franzen, 777 F.2d 1258, 1264 (7th Cir.1985) ("fact that [plaintiff] was treated generally defeats a claim of deliberate indifference").
 
 
 13
 For the reasons stated above, the decisions of the district court are
 
 
 14
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Becraft also alleges that his constitutional rights were violated because he was forced to live in an "inadequate healthful environment." Specifically, Becraft complains of "poor air circulation, no fresh air, water on the floor where the roof leaks, and hazardous bathing conditions." Becraft has failed to demonstrate that defendants were individually responsible for those conditions. Moreover, Becraft has failed to demonstrate that defendants had the requisite intent to be held liable for those conditions. Wilson v. Seiter, 111 S.Ct. 2321, 2327 (1991). Thus, summary judgment was proper